ENTERED
02/23/2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

IN RE )
BRENDA F. WASHINGTON, ) CASE NO. 12-80056-G3-13
Debtor )

MEMORANDUM OPINION

The court held a hearing on the "Debtor's Motion To Impose The Automatic Stay Pursuant to 11 U.S. C. Section 362(c)(4)" (Docket No. 6) filed by Brenda F. Washington, and after considering the pleadings, evidence, testimony, and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law. A separate Judgment will be entered granting the request for the imposition of the automatic stay as to all creditors. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Brenda F. Washington (Debtor) filed the instant voluntary Chapter 13 case on February 3, 2012. Prior to the filing of the instant case, Debtor has filed five other bankruptcy proceedings. The instant case is Debtor's sixth bankruptcy filing in the Southern District of Texas.

Debtor and her husband, Bennie Washington, filed a

voluntary chapter 13 proceeding, Case No. 01-37732-H1-13, on July 13, 2001. The case was dismissed, on February 24, 2004, based upon the Chapter 13 Trustee's motion, after confirmation, for Debtors' failure to make plan payments. Two weeks later, on March 10, 2004, a voluntary chapter 13 proceeding, Case No. 04-33722-H3-13, was filed by Debtor and her husband. After confirmation of the plan, the Chapter 13 Trustee filed a dismissal motion based upon Debtors' failure to make plan payments. Debtors converted the case to a chapter 7 proceeding and received a discharge on March 7, 2006.

On November 5, 2007, Debtor filed an individual chapter 13 case, Case No. 07-37547-H4-13, which Debtor testified was filed because of loss of income due to her husband's death and because she was behind on her mortgage payments. The case was dismissed on June 15, 2009, after confirmation of a plan, based upon the Chapter 13 Trustee's motion, for Debtor's failure to make plan payments. Two weeks later, on July 6, 2009, Debtor filed another chapter 13 proceeding, Case No. 09-80256-G3-13, and filed a Motion to Extend the Automatic Stay. After an evidentiary hearing, the court extended the stay as to all creditors. Ultimately, the case was dismissed on March 23, 2011, after confirmation, based upon Debtor's failure to make plan payments. Debtor testified that she entered into a loan modification with her home mortgage company but got behind on her payments. Debtor testified that she was unable to maintain her

plan payments because she lost her job.

Approximately one month thereafter, on April 29, 2011, Debtor again filed an individual chapter 13 case, Case No. 11-80247-G3-13, primarily to retain her vehicle. Debtor filed a Motion to Extend the Automatic Stay and after an evidentiary hearing, the court denied Debtor's request and the automatic stay terminated on May 19, 2011.[1] A plan was confirmed but Debtor subsequently was able to obtain a reverse mortgage on her homestead. Approval of the reverse mortgage was partially contingent upon the dismissal of her bankruptcy case. Debtor moved to voluntarily dismiss the case which was granted by the court on December 7, 2011.

Approximately two months later, on February 3, 2012, the instant case was filed by Debtor. The automatic stay did not go into effect because Debtor had two cases pending within the same year that were dismissed. 11 U.S.C. § 362(c)(4)(A)(i). Debtor seeks to have the court impose the automatic stay as to all creditors. Debtor alleges that the instant case was filed in good faith and she has the ability to fund a chapter 13 plan that can be fully performed. Debtor testified that she filed the instant case to save her vehicle. She testified that she only

---

[1] In denying an extension of the stay in Case No. 11-80247-G3-13, the court found that Debtor had not submitted a wage order or an ACH request to the chapter 13 Trustee and that Debtor's income was slight compared to the large amount of her expenses. The court also found that the evidence was insufficient to conclude that a confirmed plan could be fully performed by Debtor.

had one vehicle and it was essential to her reorganization as its use was necessary for her to seek employment. Debtor also testified that she does not have the ability to obtain another vehicle. AmeriCredit Financial Services, Inc. (AmeriCredit) holds a security interest in Debtor's vehicle. Debtor has submitted an ACH to the Chapter 13 Trustee to allow automatic plan payments to be made. Docket No. 15. No response or opposition was filed to Debtor's request to impose the stay.

In the instant case, Debtor has filed a plan, the duration of which is 60 months, with all secured and priority creditors being paid during months 1 through 35. Debtor's plan proposes pro rata payments to AmeriCredit for its secured claim, based upon the value of the vehicle, $1,500, plus interest at the rate of 5.75%. Debtor estimates that unsecured creditors will receive a 15% dividend. Monthly plan payments are in the amount of $265. Debtor does not have full time employment but has worked as a security officer. Debtor testified that she is seeking employment. Despite her unemployment, Debtor has an income of $2,326.42.[2] Debtors' monthly expenses total $2,059.95. Debtor's Schedules I and J reflect a projected monthly net income of $266.47. Docket No. 1. Debtor testified that her reverse mortgage obviated the need for her to make monthly mortgage payments. Under the reverse mortgage, Debtor is only responsible

[2] Debtor receives social security in the amount of $1,370, retirement income of $256.42, and $700 in rent from a "Roomer."

for paying the property taxes and insurance on her homestead.

Conclusions of Law

Section 362(c)(4) of the Bankruptcy Code provides:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section--
>
> * * *
>
> (4)(A)(i) if a single or joint case is filed by or against debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;
>
> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may then impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
>
> (C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and
>
> (D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--
>
> (i) as to all creditors, if--
>
> (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;
>
> (II) a previous case under this title in which

> the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or
>
> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or
>
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

11 U.S.C. § 362(c)(4).

Section 362(c)(4)(B) of the Bankruptcy Code provides that the court may impose the stay if (1) the debtor requests the court to do so; (2) the request is made within 30 days after the petition was filed; (3) notice is given to parties in interest and a hearing is held; and (4) the movant proves that the filing of the instant case is in good faith as to the creditors to be stayed. Debtor bears the burden of proof to establish that the case was filed in good faith and that the automatic stay should

be imposed. *See In re Charles*, 332 B.R. 538 (Bankr. S.D. Tex. 2005); *In re Collins*, 335 B.R. 646 (Bankr. S.D. Tex. 2005).

Section 362(c)(4)(D) provides, in pertinent part, that a case is presumed not to have been filed in good faith, as to all creditors, if a debtor had two or more prior cases pending within one year of the filing date of the instant case. Debtor was a petitioner in two or more cases pending within the year prior to filing the instant bankruptcy case. Pursuant to Section 362(c)(4)(D)(i)(I), the court finds that the presumption that the instant case was not filed in good faith applies. The Debtor may rebut the presumption by clear and convincing evidence. *In re Ortiz*, 355 B.R. 587 (Bankr.S.D.Tex. 2006).

In determining whether a presumption has been rebutted, courts consider the totality of the circumstances. *See In re Charles*, 332 B.R. 538 (Bankr. S.D. Tex. 2005); *In re Ball,* 336 B. R. 268 (Bankr. M.D. N.C. 2006); *In re Montoya,* 342 B. R. 312 (Bankr. S.D. Cal. 2006); *In re Baldassaro,* 338 B. R. 178 (Bankr. D. N.H. 2006); *In re Carr,* 344 B. R. 776 (Bankr. N.D. W.Va. 2006); *In re Ferguson,* 376 B. R. 109 (Bankr. E.D. Pa. 2007); *In re Mark,* 336 B. R. 260 (Bankr. D. Md. 2006).

AmeriCredit was properly noticed and has not filed a response or objection to the motion to impose the stay and it has not filed any opposition to its treatment proposed in the plan filed in the instant case. AmeriCredit filed a proof of claim in

the instant case on February 3, 2012. The court notes that, in Debtor's prior cases in which AmeriCredit was involved, although AmeriCredit filed proofs of claims it did not oppose the Debtor's extension of stay requests or object to its treatment under the confirmed plans.[3]

Debtor has established that she has the net monthly income sufficient to fund the plan (which income may increase if Debtor obtains employment). Debtor has submitted an ACH to the Chapter 13 Trustee. There are no reasons to conclude that the proposed plan is one which will not be fully performed if confirmed. The court finds that Debtor has rebutted the presumption that the instant case has not been filed in good faith.

Based on the foregoing, a separate Judgment will be entered granting the "Debtor's Motion To Impose The Automatic Stay Pursuant to 11 U.S. C. Section 362(c)(4)" (Docket No. 6).

Signed at Houston, Texas on the 23rd day of February, 2012.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3] AmeriCredit's security interest in the vehicle was established upon Debtor's purchase of the vehicle on July 1, 2006. As such, AmeriCredit has participated in the following bankruptcy cases filed by Debtor: Case No. 07-37547-H4-13; Case No. 09-80256-G3-13; and Case No. 11-80247-G3-13.